UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   Case No.

ROSEMARY RADICCHI on behalf of herself
individually and all others similarly situated

                Plaintiff,

      -against-                                  **CLASS ACTION COMPLAINT**

ELHILOW & MAIOCCHI, LLP and ANTHONY J.
MAIOCCHI, ESQ.

                Defendants.
-----------------------------------------------------------------X

      Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendants and in support thereof alleges the following:

## INTRODUCTION

    1.    This is an action for damages brought by an individual consumer and on behalf of a class for defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

## PARTIES

    2.    Plaintiff is a natural person who resides in this District and is a consumer as defined by the FDCPA, § 1692a(3).

    3.    Upon information and belief, defendant is a debt collector, as defined pursuant to 15 U.S.C. § 1692a(6). Upon information and belief, first-named defendant is

a partnership with a place of business in New York. On information and belief, second-named defendant is a principal of first-named defendant. Both defendants together will be referred to hereafter as "defendant".

## JURISDICTION AND VENUE

4.  This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331.

## .AS AND FOR A FIRST CAUSE OF ACTION

5.  That plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6.  That on or about November 8, 2008, the defendant sent a collection letter to the plaintiff in an attempt to collect an alleged consumer debt incurred for personal purposes. Plaintiff received said letter. This was defendant's first written communication to plaintiff. A copy of said letter is attached as Exhibit "1".

7.  The letter states, in pertinent part:

"OVERDUE DEBT: $15,780.43, Plus accruing interest from July 1, 2008 at the rate of 4.95%"

That defendant has failed adequately to state the balance of the debt owed, in that the balance of the debt is not only $15,780.43 but that amount *plus* interest at 4.95 percent. The dollar amount of the interest has not been disclosed. This constitutes a violation of the FDCPA, including but not limited to §1692g(a)(1). This also constitutes a violation of the FDCPA §1692e(2)(A) as a false representation of the amount of a debt. This statement in the letter further constitutes a violation of the FDCPA §§1692e and 1692e(10) as a false, deceptive and misleading representation or means in connection with the collection of a debt.

## AS AND FOR A SECOND CAUSE OF ACTION

8. That plaintiff re-alleges paragraphs 1 to 7 as if fully re-stated herein.

9. That the said letter further states in pertinent part:

"Moreover, your opportunity to contest this debt as provided by the United States Fair Debt Collections [sic] Practices Act, Section 809 (a-3) will expire in thirty days (30) of the date of this letter...MOREOVER, YOU ARE HEREBY ADVISED, UNDER THE UNITED STATES FAIR DEBT COLLECTION PRACTICES ACT, SEC. 809 (a-3), THAT UNLESS YOU MAKE KNOWN DIRECTLY TO THIS OFFICE IN WRITING ANY DISPUTE REGARDING THE VALIDITY OF THIS CLAIM WITHIN THIRTY DAYS (30) OF OUR INITIAL COMMUNICATION, WE ARE EMPOWERED TO ASSUME THAT THIS CLAIM IS VALID AND WILL PROCEED AGAINST YOU FOR FULL AND IMMEDIATE COLLECTION."

These statements violate the FDCPA, including but not limited to §1692g(a)(3), in that said provision states that the consumer has thirty days after *receipt* of the letter to dispute the validity of a debt. On the other hand, the letter states that the consumer has thirty days from the date of the letter or thirty days "of our initial communication" to dispute the debt. These statements in the letter shorten the consumer's time to dispute the debt. These statements in the letter further constitute a violation of the FDCPA §§1692e and 1692e(10) as a false, deceptive and misleading representation or means in connection with the collection of a debt.

## AS AND FOR A THIRD CAUSE OF ACTION

10. That Plaintiff re-alleges paragraphs 1-9 as if fully re-stated herein.

11. That the letter states further, in pertinent part:

"YOU MUST CONTACT US TODAY AT OUR HAWTHORNE OFFICE LISTED ABOVE TO MAKE ARRANGEMENTS TO EXPEDITIOUSLY REPAY THIS DEBT...If not, we will be forced to take further action against you to protect our client's interest. This might result in your delinquency being reported to all the NATIONAL CREDIT BUREAUS including such companies as EXPERIAN, TRANSUNION and CBI. Moreover, our client may authorize us to commence a lawsuit against you, which may include court costs, disbursements and interest in addition to the amount claimed above....PLEASE BE ADVISED THAT THIS IS AN EXTREMELY SERIOUS MATTER THAT REQUIRES YOUR IMMEDIATE ATTENTION. YOU MAY WISH TO CONTACT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS IN THIS SITUATION."

12. That the letter states that plaintiff must contact defendant "*today*" to make arrangements expeditiously to repay the debt and, if not, defendant will be forced to take further adverse action against plaintiff, which might include negative credit reporting of plaintiff to the credit reporting agencies and the commencement of a lawsuit against plaintiff. All of this could ensue unless plaintiff contacted defendant "*today*" to make payment arrangements. These statements in the letter constitute a demand for immediate payment within the 30-day dispute period, without any transitional language explaining to plaintiff that she still has the thirty days to dispute the debt. A fair reading of the letter would lead the least sophisticated consumer to believe that her sole option is simply to contact

the defendant "*today*" to make arrangements to repay the debt expeditiously. These statements overshadow and contradict the validation notice in the letter, and constitute a violation of the FDCPA, including but not limited to §1692g(a) and (b). Said statements in the letter further constitute a violation of the FDCPA §§1692e and 1692e(10) as a false, deceptive and misleading representation or means in connection with the collection of a debt.

## AS AND FOR A FOURTH CAUSE OF ACTION

13. That plaintiff re-alleges paragraphs 1-12 as if fully re-stated herein.

14. That the letter informs the consumer that under the FDCPA, sec. 809 (a-3) she must "make known directly to this office in writing any dispute regarding the validity of this claim within thirty days" or defendant will assume the claim is valid and will "proceed against you for full and immediate collection." The letter also states that:

> "IF YOU FAIL TO CONTACT US IN WRITING, OUR COLLECTION EFFORTS WILL CONTINUE...All comments disputing this claim must be in writing to preserve your rights."

Said statements in the letter constitute a violation of the FDCPA, including but not limited to §1692g(a)(3), in that under said provision the dispute by the consumer does not have to be in writing. Under said provision of the FDCPA an oral dispute will suffice to preserve the consumer's dispute rights. By requiring a written dispute as aforesaid the defendant is also in violation of the FDCPA §§1692e and 1692e(10) as these statements in the letter constitute a false, deceptive and misleading representation or means in connection with the collection of a debt.

## CLASS ALLEGATIONS

15. That plaintiff re-alleges paragraphs 1-14 as if fully re-stated herein.

16. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons whom defendant's records reflect were sent debt collection letters within the United States within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the notice sent to the plaintiff on or about November 8, 2008; (b) the collection letter was sent to a consumer seeking payment of an alleged consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the notice contained violations of 15 U.S.C. §§ 1692g(a)(1), 1692g(b),1692g(a)(3), 1692e, 1692e(2)(A) and 1692e(10).

17. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received debt collection notices from the defendant which violate the various provisions of the FDCPA.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this class claim is whether defendant violated the FDCPA by sending debt collection letters: with an improper and inadequate statement of the amount of

the debt, with an improper validation notice informing that a dispute must be in writing in order for the debt collector not to assume the debt is valid, with an improper validation notice stating that the 30-day dispute period begins from the date of the debt collection letter and with a demand for immediate payment without any transitional language.

(C) The only individual issue is the identification of the consumers who received the notices (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained experienced counsel. The plaintiff's interests are consistent with those of the members of the class.

18. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying

standards for the parties and would not be in the interest of judicial economy.

19. That if the facts are discovered to be appropriate, the plaintiff will seek to certify a class action pursuant to rule 23(b)(3) of the Federal Rules of Civil Procedure.

20. That communications from debt collectors, such as those sent by the defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

21. That as a result of the above violations, defendant is liable to the plaintiff and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

22. That defendant violated the FDCPA. Defendant's violations include:

(a) improperly and inadequately stating the amount of the debt, in violation of the FDCPA, including but not limited to §§1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10);

(b) improperly shortening the plaintiff's time to dispute the debt by requiring that the dispute be made within thirty days after the date on the letter, in violation of the FDCPA, including but not limited to §§1692g(a)(3), 1692e and 1692e(10);

(c) improperly making a demand for immediate payment and thereby overshadowing and contradicting the validation notice in violation

of the FDCPA, including but not limited to §§1692g(a), 1692g(b), 1692e and 1692e(10); and

(d) improperly stating that the dispute of the debt must be in writing, in violation of the FDCPA, including but not limited to §§1692g(a)(3), 1692e and 1692e(10).

WHEREFORE, plaintiff respectfully prays that judgment be entered against the defendant as follows:

(a) statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c) reasonable attorney's fees, costs and disbursements pursuant to 15 U.S.C. § 1692k; and

(d) for such other and further relief as may be just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
October 23, 2009.

_____
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com

# EXHIBIT "1"

# ELHILOW & MAIOCCHI, LLP

JOSEPH M. ELHILOW*
ANTHONY J. MAIOCCHI
JOSEPH L. GENZANO*
LORI A. BRILL*
GARY F. MIRET
OF COUNSEL

ATTORNEYS AT LAW
22 SAW MILL RIVER ROAD
HAWTHORNE, NEW YORK 10532-1533
(914) 347-2300
FACSIMILE (914) 347-5047
E-MAIL emlawyers@aol.com

BROOKLYN OFFICE:
259 86TH STREET
BROOKLYN, NEW YORK 11209
(718) 833-2100

NEW JERSEY OFFICE:
15 PROSPECT STREET
PARAMUS,, NEW JERSEY 07652
(201) 261-8871

*ALSO ADMITTED IN NEW JERSEY
*ALSO ADMITTED IN WASHINGTON, D.C.

Saturday, November 08, 2008

Rosemary Radicchi


RE   Municipal Credit Union, OUTSTANDING LOAN BALANCE
     OVERDUE DEBT: $15,780.43, Plus accruing interest from July 1, 2008 at the rate of 4.95%

Dear Ms. Radicchi:

Please be advised that we represent the above-named creditor who has turned a claim against you over to our office for collection. Our client's records indicate that you have failed to make payment for a just and due debt. Moreover, your opportunity to contest this debt as provided by the United States Fair Debt Collections Practices Act, Section 809 (a-3) will expire in thirty days (30) of the date of this letter.

**YOU MUST CONTACT US TODAY AT OUR HAWTHORNE OFFICE LISTED ABOVE
TO MAKE ARRANGEMENTS TO EXPEDITIOUSLY REPAY THIS DEBT**

If not, we will be forced to take further action against you to protect our client's interest. This might result in your delinquency being reported to all the NATIONAL CREDIT BUREAUS including such companies as EXPERIAN, TRANS UNION and CBI. Moreover, our client may authorize us to commence a lawsuit against you, which may include court costs, disbursements and interest in addition to the amount claimed above.

**PLEASE BE ADVISED THAT THIS IS AN EXTREMELY SERIOUS MATTER THAT REQUIRES YOUR IMMEDIATE ATTENTION. YOU MAY WISH TO CONTACT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS IN THIS SITUATION. PLEASE BE ADVISED THAT THIS IS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**MOREOVER, YOU ARE HEREBY ADVISED, UNDER THE UNITED STATES FAIR DEBT COLLECTION PRACTICES ACT, SEC. 809(a-3), THAT UNLESS YOU MAKE KNOWN DIRECTLY TO THIS OFFICE IN WRITING ANY DISPUTE REGARDING THE VALIDITY OF THIS CLAIM WITHIN THIRTY DAYS (30) OF OUR INITIAL COMMUNICATION, WE ARE EMPOWERED TO ASSUME THAT THIS CLAIM IS VALID AND WE WILL PROCEED AGAINST YOU FOR FULL AND IMMEDIATE COLLECTION.**

**SHOULD YOU DISPUTE THIS CLAIM IN WRITING, SPECIFICALLY DETAILING YOUR POSITION, WE WILL MAIL TO YOU, PRIOR TO ANY FURTHER ACTION BY US, DOCUMENTATION SUPPORTING THE CLAIM FOR YOUR CONSIDERATION AND RESPONSE. IF YOU FAIL TO CONTACT US IN WRITING, OUR COLLECTION EFFORTS WILL CONTINUE.**

All comments disputing this claim must be in writing to preserve your rights. However, if you care to discuss payment arrangement or financial difficulties, you may phone us at (914) 347-2300 so that we can work toward an amicable disposition of this claim.

Very truly yours,

Anthony J. Maiocchi, Esq.
AJM/lb

3408